**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher David Ochoa, | No. CV-18-03438-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

In April 2019, the Court determined Plaintiff Christopher David Ochoa had stated claims against "Corizon and the members of Defendant Utilization Management Team." (Doc. 11 at 8). The Court directed Plaintiff to complete a service packet for Corizon and gave Plaintiff 120 days to identify the members of the Utilization Management Team. Plaintiff completed a service packet for Corizon and service was completed on May 8, 2019. (Doc. 12). Corizon did not respond to the complaint by the applicable deadline.

Plaintiff subsequently obtained an extension of time to identify the members of the Utilization Management Team. (Doc. 14). Plaintiff eventually requested to substitute Aydeji Ladele as the appropriate defendant in place of the Utilization Management Team. (Doc. 15). In November 2019, Magistrate Judge Willett granted that request and directed Plaintiff to complete a service packet for Ladele. (Doc. 17). Plaintiff returned a service packet but the packet had not been completed correctly. Thus, Ladele was not served.

On January 14, 2020, Magistrate Judge Willett ordered Plaintiff to file an application for entry of default regarding Corizon and to return a properly completed

service packet for Ladele. (Doc. 20, 21). Plaintiff never returned a properly completed service packet but he did apply for entry of default against Corizon. The Clerk of Court entered Corizon's default on February 13, 2020.

On March 6, 2020, Corizon filed a Motion to Set Aside Entry of Default. (Doc. 27). While that motion was being briefed, on March 10, 2020, Magistrate Judge Willet issued a Report and Recommendation ("R&R") regarding Plaintiff's failure to return a service packet for Ladele. The R&R recounts the opportunities given to Plaintiff and his failure to comply. Based on Plaintiff's behavior, the R&R recommends Ladele be dismissed. Two days after the R&R was issued, Plaintiff sought an extension of twenty-one days to file his objections. (Doc. 31). That motion was not immediately resolved. On March 26, 2020, Petitioner filed his objections to the R&R. In those objections, Plaintiff explains his failure to complete the service packet "was not his fault directly as he has to depend on others as his helper left . . . before the form could be completed." Plaintiff states has a "new helper" who would be able to help him complete a new service packet if he is given the opportunity to do so.

On April 6, 2020, Magistrate Judge Willett granted Corizon's Motion to Set Aside Entry of Default. (Doc. 35). And on April 8, 2020, Corizon filed a response to Plaintiff's objections to the R&R. Corizon argues Plaintiff's objections were submitted late and should not be considered. (Doc. 37). Corizon also argues Plaintiff has not offered a convincing explanation for his failure to serve Ladele earlier.

Corizon's argument that Petitioner's objections should be ignored as untimely is questionable in light of Corizon's behavior in this suit. Corizon did not timely respond to the complaint after being served and should be more forgiving of Plaintiff's failure. *Cf. Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) (opposing reasonable requests for extension of time is "inconsistent with general principles of professional conduct" and "undermines the truth-seeking function of our adversarial system."). Corizon's position is especially troublesome because it is not clear the objections were, in fact, untimely. Shortly after the R&R was issued, Plaintiff filed a

request for additional time to file his objections. (Doc. 31). That document sought a twenty-one-day extension to file his objections. Plaintiff then filed his objections on March 26, 2020, long before his requested extension would have expired. The Magistrate Judge eventually denied the motion for extension of time as "moot" because the objections had already filed. (Doc. 32, 34). But there is no dispute that Plaintiff acted reasonably in seeking an extension of his deadline well in advance of the deadline expiring. Accordingly, the Court will consider Plaintiff's objections.

As for the merits of the R&R, at the time it was issued no defendant was involved in this case. Thus, Plaintiff's failure to serve Ladele was preventing the case from proceeding either to judgment or dismissal. Now that Corizon has appeared, however, the case effectively is at the very beginning. In addition, now that Corizon has appeared, Plaintiff may not need to take any additional steps for Ladele to appear in this suit. Corizon will be required to file a notice stating whether it will waive service on behalf of Ladele. If Corizon will not waive service, it will be required to file the home address of Ladele so that Plaintiff can attempt service at that address.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 30) is **REJECTED**. No later than **April 17, 2020**, Corizon shall file a notice stating either it waives service on behalf of Aydeji Ladele or providing Aydeji Ladele's last known address. If Corizon submits Ladele's last known address, the Clerk of Court must complete a service packet, including a copy of this Order, a copy of the Amended Complaint (Doc. 10), and a copy of the Marshal's Process Receipt & Return form (USM-285) for Defendant Ladele. The Clerk of Court must expeditiously, and as soon as practicable, forward the service packet to the United States Marshal for expedited service.

Dated this 8th day of April, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge