**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher David Ochoa,<br><br>Plaintiff,<br><br>v.<br><br>Corizon Health Care Incorporated, et al.,<br><br>Defendants. | No. CV-18-03438-PHX-ROS (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Request for the Appointment of Counsel Due to Unavoidable Extraordinary Circumstances." (Doc. 40). Plaintiff requests the appointment of counsel because he (i) was assaulted by inmates in the prison, (ii) lost his legal documents while hospitalized, (iii) has no legal training, (iv) has no resources to hire counsel, (v) and requires third party assistance to file documents.

There is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with

respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. His filings in this case demonstrate his ability to clearly articulate his position to the Court. His case is not complex.

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Request for the Appointment of Counsel Due to Unavoidable Extraordinary Circumstances." (Doc. 40).

Dated this 2nd day of June, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge